THE STATE EX REL. HANKS v. WOOLEM.

**School District:** ELECTION. A meeting of the electors of a sub-district for the choice of a sub-director convened at twenty minutes before four o'clock and adjourned at ten minutes past four; shortly afterward, and while the president and secretary were still in their places, and all who composed the meeting were present, two qualified electors came in and tendered their votes. *Held,* that the votes should have been received and counted.

*Appeal from Van Buren Circuit Court.*

FRIDAY, SEPTEMBER 25.

THIS is an information in the nature of a *quo warranto* to test the legality of defendant's claim to the office of sub-director of sub-district No. 5, in the district township of Des Moines in Van Buren county. The cause was tried to a jury, who returned a special verdict, upon which the Circuit Court rendered judgment for the plaintiff. The defendant appeals.

*Work & Lea,* for appellant.

*J. C. Knapp,* for appellee.

MILLER, CH. J.—The special verdict of the jury shows that the meeting of the electors of the sub-district convened at three o'clock, was organized at twenty minutes before four

o'clock, and those present proceeded to vote for a sub-director; that at ten minutes after four o'clock the meeting adjourned, and the president declared the polls closed. No other proclamation was made. In about twenty minutes thereafter two qualified electors of the sub-district appeared and tendered their votes to the president and secretary. At this time the people composing the meeting were all present in the voting place, the president in his chair and the secretary in his place. The votes cast were counted and the officers were about to make out a certificate of election to the defendant, at the time these two electors offered to vote and tendered each a ballot for the relator. Their votes were refused on the ground that the polls were closed. If the rejected votes had been received the relator would have had a majority of votes over the defendant.

This case was before us at the June term, 1873, on an appeal by the plaintiff from the ruling of the Circuit Court sustaining a demurrer to the petition, and the judgment was reversed and the cause remanded.

The facts of the case, as found by the special verdict of the jury, do not materially differ from the allegations in the petition, and which, on the former appeal, were held sufficient to entitle the relator to the relief prayed. The only difference between the allegations of the petition and the facts found by the jury is, that in the petition it was stated that the meeting was still organized when the rejected votes were offered, whereas the jury find that the meeting had adjourned. It is further found, however, that the people comprising the meeting were all present, the president still in his chair and the secretary in his place. The mere fact that the meeting had adopted a motion to adjourn does not materially change the facts alleged in the petition. We still think, as stated in our former opinion, "that the officers were too technical and hurried, and that fair play and the frankness and liberality which the law intends shall characterize such meetings and elections, were violated."

The polls being closed in thirty minutes after the organization of the meeting, when it was apparent that not all of the electors of the sub-district had voted, and the rejection of

votes by the officers, while the electors who had voted were all present and the officers still in their places, may well be said to "savor too much of the factional caucus to justify its judicial sanction."

The judgment of the Circuit Court will be

AFFIRMED.